### Parrish-Chambers Buick Company v. Seay.

(Decided October 10, 1924.)

#### Appeal from Fulton Circuit Court.

Fraudulent Conveyances—Mortgage Held Fraudulent, and Lien Not Superior to Attachment Lien.—Chattel mortgage on automobile given by one brother to another held shown by evidence to be fraudulent and spurious, and hence its lien was not superior to lien of attachment.

HERSCHEL T. SMITH for appellant.

HOLIFIELD, GARDNER & McDONALD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

The question upon this appeal is, whether the general order of attachment issued by the trial court in favor of appellant, Parrish-Chambers Buick Company, and

levied upon a Buick automobile described in the pleadings, created a lien superior to a mortgage executed by Ed. Seay upon the automobile to his brother, W. D. Seay, who as interpleader presented his mortgage for $2,000.00 upon the machine. It is admitted by Ed. Seay, the mortgagor, that he owed his brother, W. D. Seay, $2,000.00 secured by mortgage on the automobile. He does not deny that he is obligated as indorser to the Parrish-Chambers Buick Company upon a note for $2,000.00, which he transferred to Parrish-Chambers Buick Company in payment of the price of an automobile which he purchased from that firm and which is now the subject of this litigation.

The trial court, after hearing the evidence, decided that the mortgage was valid and given for a valuable consideration and, therefore, superior to the attachment lien which was created after the date of the mortgage. We have read the evidence with a great deal of care, especially have we given careful attention to the evidence of appellee, W. D. Seay, and his brother, Ed. Seay. The former claims that the mortgage upon which he relies was given to him by his brother for many loans to his brother made at different times, through several previous years. He, however, is not able, so he testifies, to give the date of any loan which he made to his brother Ed. In fact, he is very hazy upon the whole subject. The only thing about which he is positive is that he loaned money to his brother, amounting, as he says, to $2,000.00; that he took due bills or notes from his brother for the different sums he let him have, and after making a number of loans to his brother and taking due bills they had a settlement and he discovered that Ed. owed him $2,000.00 or more, whereupon Ed. gave him a note for $2,000.00 on June 20, 1920; that this note was secured by mortgage on December 8, 1921, on the automobile. He further testifies that he gave some of the money loaned by him to his brother by check, but most of it by currency; that he had destroyed all his checks about two months before he gave his deposition; that he had about a thousand canceled checks in his trunk and they were in his way and he destroyed them; that he had also destroyed the due bills and notes which his brother had given him and which were taken up on June 20, 1920, when the note in question was executed. The note bears a credit of $120.00 as of June 20, 1921. This is explained by both W. D. and Ed. Seay as a payment of interest upon the $2,000.00

note. They are unable to say exactly when this payment was made or just how it was made or where made. It is also shown by them that in carrying on business with other people they paid their bills by check, but they admit that the loans made by W. D. Seay to Ed. Seay were mostly if not all in currency; that one of them was as much as $750.00 or $800.00, and while W. D. Seay had a check for that amount which he had received for his tobacco and labor from a farmer in the neighborhood and which sum he loaned to his brother Ed., he admits he cashed the check himself instead of indorsing it and turning it over to Ed. Moreover, the automobile was practically all the valuable property owned by Ed. at the time of making the mortgage, and he is shown to have been insolvent at that time and for months before. It appears to us there are many badges of fraud connected with that transaction, and both W. D. Seay and Ed. Seay, though on the stand with full opportunity to do so, failed to give any satisfactory explanation of the loan and mortgage which W. D. Seay claims to have upon the automobile. One cannot read the evidence of these men without feeling that they are attempting to perpetrate a fraud. In fact, one need not examine the evidence on the other side of the case to be convinced that their claim is spurious and that the note was not genuine; that Ed. Seay did not owe W. D. Seay $2,000.00, or any other sum of consequence, and that the mortgage and note were prepared and executed between them for the purpose of saving the automobile to Ed. and of defrauding his creditors to that extent.

The learned chancellor below, while expressing doubt as to the correctness of his ruling, held the note and mortgage valid and superior to the attachment lien of the Buick Company. We think this was error. He should have sustained the claim of the Buick Company and enforced its lien against the automobile. In other words, he should have held the note and mortgage fraudulent and void, and enforced the attachment lien of the Buick Company, if it were regular.

Upon a return of the case to the lower court a judgment will be entered in conformity to this opinion.

Judgment reversed.